FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

In re:                                )
                                      )
SUNERGY CALIFORNIA LLC,               )   Case No. 21-20172-C-11
                                      )   Docket Control No. RG-20
                   Debtor.            )
_____)

**OPINION**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

  The chapter 11 debtor lost control of this case when a trustee was appointed and a liquidating plan confirmed.

  Debtor's counsel seeks a final fee award for services before and after appointment of the chapter 11 trustee. The United States trustee and the plan's liquidating trustee each oppose.

  The motion will be bifurcated. Issues regarding services rendered <u>after</u> debtor in possession (DIP) status ceased upon the chapter 11 trustee appointment are discrete, fully litigated, and appropriate for final decision. But, incomplete information about actual DIP services prevents fair determination of the other contested final fees without better factual development and opportunity for the fee applicant to explain itself.

  This opinion holds: (1) debtor's counsel's role as counsel for the DIP performing trustee duties ceases upon appointment of a chapter 11 trustee; (2) an appeal from an unstayed order to appoint a trustee does not delay the loss of DIP status; and (3) fee awards for debtor's counsel for services rendered after a chapter 11 trustee is appointed, per <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004), depend upon employment by the

trustee under 11 U.S.C. § 327(a) or (e) and benefit to the estate.

### Facts

Sunergy California LLC, a solar photovoltaic module manufacturer in the business of producing and selling solar panels operating out of leased facilities, filed this voluntary chapter 11 case on January 20, 2021.

Gonzalez & Gonzalez Law, P.C., was authorized to be employed to represent the debtor in its capacity as DIP performing the duties of the trustee.

The official committee of unsecured creditors was appointed by the United States trustee on March 17.

On July 8, the committee filed a motion to order that a chapter 11 trustee be appointed.

The debtor countered on July 19 with a motion to approve a DIP loan facility for $3 million, to which motion the committee objected as containing unacceptable terms such as a security interest in avoiding actions, restrictions on filings within the case, and not disclosing conditions precedent to drawing funds.

At a hearing on July 28, this court ordered the United States trustee to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(2).

The debtor appealed the order to appoint a chapter 11 trustee and unsuccessfully sought a stay pending appeal.

The court approved the United States trustee's appointment of the chapter 11 trustee on August 11.

The chapter 11 trustee did not pursue debtor's proposed DIP loan, and the loan motion was denied on September 9.

On November 11, the debtor voluntarily dismissed its appeal of the chapter 11 trustee appointment.

The joint plan of liquidation confirmed July 28, 2022, provides for a liquidating trustee.

Debtor's counsel has filed an application for final award of fees of $132,539.50 and costs of $7,046.42.

The United States trustee objects to $25,506.00 as attributable to services rendered after appointment of the chapter 11 trustee.

The liquidating trustee joins the objection of the United States trustee and further objects to the remainder of the fee application, urging that further investigation is needed.[1]

### Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(a). Fee awards concerning estate administration are core proceedings that a bankruptcy judge may hear and determine. 28 U.S.C. § 158(b)(2)(A).

### Analysis

We start with procedure before turning to the merits of the question regarding debtor's counsel's eligibility for fees

---

[1] In the objection to fees for the period <u>before</u> the chapter 11 trustee was appointed, the liquidating trustee questions benefit to the estate, truthfulness of Schedules and Statement of Financial Affairs, accuracy of monthly operating reports (all of which were later corrected by the chapter 11 trustee), post-petition accounts payable that actually were for prepetition obligations, and the relationship with special counsel RKF Global PLLC, which has a pending application for fees and expenses of $447,668.60 to which objection has also been lodged.

3

incurred after appointment of a chapter 11 trustee.

# I

## Procedure

A fee application made pursuant to Rule 2016 becomes a Rule 9014 "contested matter" if a party in interest opposes. Fed. R. Bankr. P. 2016 & 9014, adv. comm. note.[2]

Civil Rule 42 permitting bifurcation applies in contested matters. Fed. R. Civ. P. 42, incorporated by Fed. R. Bankr. P. 7042 & 9014(c).

Bifurcation is permitted, as a matter of judicial discretion, for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b).

A favored purpose of bifurcation is, as in this instance, to deal with a straightforward dispositive issue before tackling a more difficult question not yet ripe for decision. DANJAQ LLC v. Sony Corp., 263 F.3d 942, 961-62 (9th Cir. 2001).

The limiting principle is that bifurcation must not impair a right to trial by jury or risk unduly confusing a jury. Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 507-11 (1959); DANJAQ LLC, 263 F.3d at 961-62.

Here, the question of fees for services by debtor's counsel after appointment of a chapter 11 trustee warrants bifurcation as a matter of convenience, expedition, and economy. There is no

---

[2] The Rules Advisory Committee explained: "If a party in interest opposes the amount of compensation sought by a professional, there is a dispute which is a contested matter." Fed. R. Bankr. P. 9014, adv. comm. note.

pertinent jury trial right. The question is not complex and of some importance but with only sparse direct precedent.

In contrast, the compensation dispute for services rendered before the debtor lost DIP status is fact-intensive and overlaps a parallel special counsel fee application.  Further factual development exploring the nitty gritty of who-did-what-when-and-why and to what benefit will be necessary.  Ultimate resolution is neither imminent nor likely to be of interest to nonparties.

Hence, bifurcation is appropriate.

## II
### Finality

Debtor's counsel defends the $25,506.00 fee request for the appeal from the chapter 11 trustee appointing order on the erroneous theory that the order was not "final" until the appeal order was dismissed.  That theory is wrong.

The cited support is a California state law doctrine regarding finality of California state court judgments. People v. Mount, 66 Cal. App. 5th 599, 606 (2021).  That minority rule does not apply to judgments rendered by federal courts. Sosa v. DIRECTTV, Inc., 437 F.3d 923, 927-28 (9th Cir. 2006) (contrasting federal and California finality doctrines).

Federal law determines the effect of judgments rendered by federal courts. Restatement(Second) of Judgments § 87; Hawkins v. Risley, 984 F.2d 321, 324-25 (9th Cir. 1993); Robi v. Five Platters, Inc., 838 F.2d 318, 322-23 (9th Cir. 1988).

The federal rule on finality of federal judgments follows the Restatement(Second) of Judgments.  Taylor v. Sturgell, 553

5

U.S. 880, 891-95 (2008); Christopher Klein, et al., <u>Principles of Preclusion and Estoppel in Bankruptcy Cases</u>, 79 AM. BANKR. L.J. 839, 844-47 (2005).

The effective date of a federal judgment for purposes of the rules of res judicata is the date of its rendition. <u>Restatement(Second) of Judgments</u> § 14; <u>United States ex rel. Barajas v. Northrop Corp.</u>, 147 F.3d 905, 909 (9th Cir. 1998); <u>George v. City of Morro Bay (In re George)</u>, 318 B.R. 729, 733-37 (9th Cir. BAP 2004), <u>aff'd</u>, 144 F. App'x 636, <u>cert. denied</u>, 546 U.S. 1094 (2006).

The federal procedural mechanism to delay enforcement of an order of a federal court is the stay pending appeal. The Federal Rules of Bankruptcy Procedure provide the procedure for stays pending appeal in bankruptcy cases. Fed. R. Bankr. P. 8007.

Unless stayed, a federal judgment retains all of its preclusion effects and may be enforced during the pendency of an appeal. <u>Tripati v. Henman</u>, 857 F.2d 1366, 1367 (9th Cir. 1988). Here, a stay pending appeal was denied.

The argument that the debtor remained as DIP until it dismissed its appeal contradicts § 1101(1). The term debtor in possession means "debtor <u>except</u> when a person that has qualified under [§] 322 of this title is serving as trustee in the case." 11 U.S.C. § 1101(1) (emphasis supplied). A trustee appointed under § 1104 qualifies and enters into duty upon the timely filing of the required bond. 11 U.S.C. § 322(a). It follows that the debtor ceased to be the representative of the estate the moment the trustee qualified. 11 U.S.C. § 323(a).

Counsel's finality argument lacks merit.

6

III

<u>Fee Application</u>

A peculiarity of chapter 11 is that DIP counsel may serve dual roles: counsel for debtor and counsel for DIP performing the duties of the trustee.

In effect, DIP counsel walk a tightrope at constant risk of falling into the abyss of conflict. Sophisticated chapter 11 counsel are vigilant to remind clients that they represent the bankruptcy estate and that advancing narrow parochial concerns of the debtor may necessitate separate counsel.

The distinction comes into play when awarding compensation for chapter 11 services. Services that benefit the debtor but not the estate are not likely to be paid by the estate.

The $25,506.00 portion of the fee application by debtor's counsel for the period after appointment of the chapter 11 trustee suffers from two independently fatal errors: the <u>Lamie</u> problem regarding unauthorized employment and the lack of benefit to the estate.

A

The Supreme Court in <u>Lamie</u> ruled that the Bankruptcy Code does not authorize compensation for debtor's counsel once DIP status terminates upon conversion from chapter 11 to chapter 7 unless counsel is separately employed pursuant to § 327. <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004).

The debtor's counsel tries to distinguish this case from <u>Lamie</u> by arguing that this case involves merely the appointment of a chapter 11 trustee, rather than conversion to chapter 7.

While it is conceivable that the chapter 11 trustee could have ratified the employment of DIP counsel, it is otherwise a distinction without a difference.

The objection by the United States trustee based on <u>Lamie</u> reasons that the key disqualifier is loss of DIP status, regardless of whether it results from conversion to chapter 7 or appointment of a chapter 11 trustee.

This court agrees and has so held. <u>In re Johnson</u>, 397 B.R. 486 (Bankr. E.D. Cal. 2008). There, counsel for an ousted DIP performed transition services at the request of the chapter 11 trustee.[3] The United States trustee invoked <u>Lamie</u> to object that some of the fees were unauthorized because counsel's § 327(a) appointment expired when the debtors lost DIP status. This court agreed that <u>Lamie</u> applied but ruled that § 327(e) permitted former DIP counsel to be employed and paid at the request of the trustee: "The trustee is the main gatekeeper, and the key to the gate's lock is § 327(e)." <u>Johnson</u>, 397 B.R. at 488.

The new trustee, according to the <u>Lamie</u> analysis, has three alternatives: (1) re-employ former DIP counsel under § 327(a);

---

[3]The facts of <u>Johnson</u> were:

A chapter 11 trustee was appointed when this contentious cross-border real estate development case became dead in the water. Debtors' counsel made a final fee request under § 330(a) for work done before and after the trustee took over. The United States trustee objected that some of the fees were unauthorized under § 330(a) because counsel's § 327(a) employment expired when the debtors lost debtor-in-possession status. The case trustee, who had requested the services, then applied to employ debtors' counsel under § 327(e) for the specified special purpose of performing the transition services that he had requested.

<u>Johnson</u>, 397 B.R. at 488.

8

1 (2) employ former DIP counsel for a specified special purpose
2 under § 327(e); or (3) not employ former DIP counsel.  Here, the
3 trustee chose option three.
4 　　　　The trustee's leverage as gatekeeper functions as an
5 incentive for the former DIP counsel to cooperate with the
6 trustee in transition to new management. In principle, this need
7 not be a conflict as the DIP counsel's main client is the estate,
8 rather than the persons who formerly controlled the estate.
9 　　　　In short, under Lamie the key event is termination of DIP
10 status.  The distinction between appointment of a chapter 11
11 trustee or conversion to chapter 7 makes no difference.  The
12 putative services after appointment of the chapter 11 trustee
13 were rendered without the benefit of an employment authorization
14 under § 327. The Lamie objection will be sustained.

16 　　　　　　　　　　　　　　　　　B
17 　　　　Regardless of Lamie and the need for employment under § 327,
18 § 330 itself provides an adequate independent reason to sustain
19 the objections to the fee application for services rendered after
20 appointment of the chapter 11 trustee.
21 　　　　The court must consider whether the services for which
22 compensation is requested were either beneficial or necessary to
23 the administration of the case as of the time the services were
24 rendered.  11 U.S.C. § 330(a)(3)(C); Roberts, Sheridan & Kotel,
25 P.C. v. Bergen Brunswick Drug Co. (In re Mednet), 251 B.R. 103,
26 106-07 (9th Cir. BAP 2000).
27 　　　　Further, the court is forbidden by § 330(a)(4)(A) to award
28 compensation for services that are not reasonably likely to

9

benefit the estate or necessary to the administration of the case.  11 U.S.C. § 330(a)(4)(A); <u>Smith v. Edwards & Hale, Ltd. (In re Smith)</u>, 317 F.3d 918, 924-27 (9th Cir. 2002).

　　The burdens of proof and of persuasion are on the fee applicant.  <u>Shalaby v. Mansdorf (In re Nakhuda)</u>, 544 B.R. 886, 902 (9th Cir. BAP 2016).

　　It is apparent that the appeal of the order to appoint a chapter 11 trustee was an exercise in obstruction.  The appeal had no reasonable likelihood of benefitting the estate.[4]  Nor was the appeal necessary to the administration of the estate.

　　Hence, even in the absence of <u>Lamie</u>, the application for payment of compensation for services rendered after the chapter 11 trustee became the representative of the estate must be denied on account of § 330(a)(4)(A).

***

　　For the foregoing reasons, the objections to compensation in the amount of $25,506.00 for services rendered after appointment of the chapter 11 trustee are SUSTAINED.

　　To that extent, counsel's Motion RG-20 is DENIED.

　　An appropriate separate order shall issue.

Dated: November 18, 2022

_____
United States Bankruptcy Judge

---

[4] In the bifurcated portion of the fee application that remains for future resolution, the debtor's counsel should plan on addressing the identical critique of the DIP financing motion as having been primarily an obstruction tactic with no reasonable likelihood of approval at the time of its filing.

10